UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY M. HARRINGTON,

      Petitioner,

vs.          Case No. 2:10-cv-597-FtM-99DNF

SECRETARY, DOC, FLORIDA ATTORNEY GENERAL,

      Respondents.¹
_____/

### OPINION AND ORDER

### I. Status

Timothy M. Harrington (hereinafter "Petitioner" or "Harrington") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254. Harrington challenges his 2003 conviction, after a jury

---

¹Respondents request that the Court dismiss the Florida Attorney General as named respondent to the Petition. Response at 2. The Court will dismiss the Florida Attorney General as a named respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). This is "'the person' with the ability to produce the prisoner's body before the habeas court." Id. at 435. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 2718 (citations omitted). Alternatively, the chief officer in charge of the state penal institution is also recognized also the proper named respondent. Rule 2(a), Sanders v. Bennett, 148 F.2d 19 (D.C. Cir. 1945). In Florida, that person is the current Secretary of the Department of Corrections.

trial, for sexual battery with great force entered by the Twentieth Judicial Court, Lee County, Florida (case number 02-004399-CF-TSR). Petition at 1. Petitioner's sentence and conviction were *per curiam* affirmed on direct appeal on February 4, 2005. Harrington v. State, 896 So. 2d 755 (Fla. 2d DCA 2005). The Petition identifies the following ground for relief:

> Violation of 4th Amend. Right, U.S. Const. Unreasonable Search and Seizure. No Probable Cause to Arrest. Trial Court's Denial to Suppress Evidence of DNA is Erroneous Based on Facts of Case.

Petition at 5.

Respondent filed a Response to the Petition (Doc. #8, Response), and attached exhibits in support (Exhs. 1-9). Respondent concedes that the Petition is timely filed pursuant to 28 U.S.C. § 2244(d). Response at 5. Nonetheless, Respondent submits that the sole ground for relief is barred from review pursuant to Stone v. Powell, 428 U.S. 465 (1976). Id. at 9.

Petitioner filed a Reply to the Response (Doc. #12, Reply) and submitted exhibits in support of the Reply. See Exhibits A-C. Petitioner acknowledges that he "received a full hearing" but contends that he "did not receive a [sic] fair consideration of his Fourth Amendment claim." Reply at 3. More specifically, Petitioner argues that:

> the trial court erred in denying the motion to suppress where the evidence did not demonstrate that the blood draw and oral swab was performed in accordance with the statutory requirement of § 943.325 and Florida Administrative Code R. 11D-6.003.

Id. This matter is ripe for review.

## II. Applicable § 2254 Law

### A. Exhaustion and Procedural Default

A federal court may only review an issue under § 2254 if petitioner first afforded the state courts an adequate opportunity to address that issue. 28 U.S.C. § 2254(b)(1)(A).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004)(internal citations and quotations omitted). This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Duncan v. Henry, 513 U.S. 364, 365 (1995)(stating

"exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'"). Additionally, in articulating a factual basis in support of a claim for relief, a petitioner must have also alleged the factual predicate to the state court. Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317, 1343-44 (11th Cir. 2004)(noting that petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petition if they did not first raise them in the state courts).

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief. . . ." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001). A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d at 1190. In Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309, 1318 (2012), the

Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland. Id. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006); Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

**B. Deferential Review Required By AEDPA**

Petitioner filed his timely Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9

(11th Cir. 2007). Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the

petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior"

Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

### III. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

The following facts, set forth in Petitioner's Brief on Direct Appeal, are relevant to Petitioner's Fourth Amendment claim. See

generally Exh. 2. In 1996 or 1997, Petitioner was charged and arrested in Maine with unlawful sexual conduct (count 1) and furnishing a controlled substance (count 2). Petitioner pled guilty to count 2 and count 1 was dismissed. Petitioner's blood was drawn and his DNA profile was placed in the Maine State DNA databank and thereafter placed in the FBI's national database known as "CODIS." According to an affidavit from Detective Kraft of the Lee County Sheriff's Office, Kelly Carter, a crime analyst with the Florida Department of Law Enforcement, contacted Detective Nosbusch indicating that evidence collected from the underlying sexual battery case matched Petitioner's DNA. Detective Nosbusch thereafter contacted Detective Dean Jackson of the Maine State Police, who prepared and served a search warrant to obtain blood evidence from Petitioner in Maine. Petitioner's blood was mailed to Carter for a comparison study. An affidavit for an arrest warrant was sworn on December 5, 2002, and Information was filed on December 19, 2002, charging Petitioner with sexual battery in violation of Fla. Stat. 794.011(5).

Petitioner argued that because his DNA had improperly been placed in the Maine databank and CODIS without a qualifying offense, his DNA was illegally obtained. Petitioner raised this claim by filing a motion to suppress. Exh. 1, Vol. V at 036-037, 041-048. The trial court held a hearing on the motion to suppress. Exh. 1, Vol. VI at 051-156. Defense counsel examined Gary Nosbusch, Detective in the Major Crimes Unit of the Lee County

Sheriff's Office, Dean A. Jackson of the Maine State Police, and Petitioner. Defense counsel also submitted various documents into evidence, including Kelly Carter's reports, Details of Probable Cause, August 30, 2002 Search Warrant issued by the District Court in Maine and Request for Search Warrant and Affidavit prepared by Detective Jackson, and Judgment and Commitment of Petitioner in Maine criminal case CR-97-458. After a lengthy argument by counsel, id. at 111-131, the state trial found as follows:

> Well, that's the one issue I have the most trouble with. But as far as the subsequent blood draw, I don't find there was any intentional misstatement or reckless disregard for information. I think the good faith reliance on the warrant in U.S. v. Leon,[2] is sufficient to help that survive. What I have a problem with is the initial placement of the information into a database when it appears that he did not qualify for as having [sic] committed a qualifying offence.
>
> I note that the Section 1574,[3] that this is not exclusive, that no DNA can be excluded, but for a person having been convicted. So while he is not convicted, the DNA was in the databank and as was suggested, there might be any number of reasons why it was there. To say that the only reason it could have been there was the conviction of a qualifying offence, I don't believe is supported by this particular Statute.
>
> Motion to Suppress is denied.

---

[2] U.S. v. Leon, 468 U.S. 897 (1984) (recognizing an exception to exclusionary rule based upon good-faith reliance on a subsequently invalidated warrant.)

[3] Me. Rev. Stat. Ann. Tit. 25, § 1574 (west Supp. 2001) identifies the qualifying offenses for which DNA could be obtained and included unlawful sexual conduct, for which Harrington had been charged, but had not been convicted due to his Maine plea.

Id. at 132. Thereafter, Petitioner filed a motion for reconsideration of the trial court's ruling denying the motion to suppress. Id. at 158-160. The trial court heard oral argument on the motion. Id. at 169-176. The trial court denied the motion "relying on Butler[1] and previously the Leon case." Id. at 176. Petitioner requested and obtained review of the suppression issue on direct appeal. Exh. 2. The state appellate court *per curaim* affirmed Petitioner's sentence and conviction. Exh. 5.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. at 494 (footnotes omitted). In order to be entitled to federal habeas review of a Fourth Amendment claim, a petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." Id. at 495 n. 37. See also, Devier v. Zant, 3 F.3d 1445, 1455 (11th Cir. 1993)(holding that where Fourth Amendment claims were raised by motion to suppress and on appeal they were given a full and fair hearing and therefore barred under Stone). "For a claim to be

---

[1] Butler v. State, 801 So.2d 992 (Fla. 2d DCA 2001)(finding that although statute which required DNA testing for certain violent offenders did not apply to defendant at time blood samples were drawn because defendant was not incarcerated for one of offenses enumerated in statute, DNA evidence from blood sample drawn from defendant was admissible under good faith exception to exclusionary rule).

fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." Mincey v. Head, 206 F.3d 1106, 1126 (11th Cir. 2000). Federal courts will not consider the merits of Fourth Amendment cases merely because the state courts erred in their Fourth Amendment analysis. See Swicegood v. Alabama, 577 F.2d 1322, 1324 (5th Cir. 1978).[5]

Based upon a review of the complete record, the Court finds that Petitioner was afforded an opportunity to develop his Fourth Amendment claim in the trial court, the court made explicit findings on matters essential to Petitioner's Fourth Amendment issue. In particular, the trial court determined that the "good faith" exception to the exclusionary rule applied based upon the facts of the case. Further, on direct appeal, Petitioner requested *de novo* review of the issue. See Exh. 2 at 12. That Petitioner disagrees with the state courts' conclusions of state law with respect to extraction of his DNA does not demonstrate that he did not receive a full and fair opportunity to litigate his Fourth

---

[5]Unless later superceded by Eleventh Circuit precedent, a Fifth Circuit decision issued prior to the close of business on September 30, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

Amendment claim.[6] Because Petitioner has not shown that he was not given a full and fair hearing on this issue, the Court finds Petitioner's sole ground affords no basis for federal habeas relief.

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2. The **Clerk of the Court** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

---

[6]To the extent Petitioner contends that the DNA sample was taken from him contrary to Florida state law, he has failed to state a due process violation. See Brown v. Williams, 124 F. App'x 907, 909 (5th Cir. 2005)(finding no cognizable due process claim where an inmate alleged that a state law authorizing the collection of DNA samples was incorrectly applied to him).

make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this 3 day of May, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record